IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED LEE BRANUM, <br> (TDCJ-CID #286354) <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS DRETKE, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION H-05-0229 |

**ORDER**

Plaintiff, Alfred Lee Branum, a state inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed this suit under 42 U.S.C. § 1983, alleging civil rights violations. Branum sued numerous prison officials at the Pack I Unit and the Jester III Unit of the TDCJ-CID. For the reasons explained below, the original and amended complaints are stricken, and Branum is given an opportunity to replead.

This is one of several similar suits Branum has filed. In Civil Action Number 4:03-3515, filed on September 2, 2003, Branum and a fellow inmate complained of the denial of wheelchair-accessible housing in the Pack I Unit and that the administrative segregation and solitary confinement cells were not equipped for inmates using wheelchairs. The federal court in that case found that the plaintiffs lacked standing to sue for injunctive relief and failed to allege injury resulting from the allegedly unsafe living conditions. On January 8, 2004, the court dismissed the suit.

In Civil Action Number 4:02-4559, filed on December 12, 2002, Branum named over thirty prison officials as defendants and complained of the denial of proper medical care and inadequate housing. He specifically complained of a June 16, 2002 injury to his left testicle that occurred while he was using a shower bench not equipped for wheelchairs. He also complained of the denial of an "egg crate" mattress and the denial of a non-latex catheter. The federal court dismissed several claims as frivolous and as unexhausted. On September 14, 2005, the court granted the defendants' motion for summary judgment on the remaining claims.

Branum filed this lawsuit in January 2005. He originally named eight prison officials and correctional officers as defendants, alleging events at the Pack I Unit. On November 14, 2005, Branum filed a supplemental complaint in which he named six additional defendants. The complaints alleged denial of adequate medical care, denial of wheelchair-accessible housing, failure to protect personal safety, due process violations, retaliation, and the denial of access to the courts, from 2002 to 2005.

In this suit, Branum again complained of inaccessible administrative-segregation cells. Branum alleged that prison officials have failed to implement policies to achieve compliance with the Americans with Disabilities Act. He also asserted that he received ineffective assistance during a prison disciplinary hearing in February 2004; that he was denied due process during the disciplinary hearing; that he lost 365 days of good-time credit; that he was held in administrative segregation for 58 days; and that he was denied an "egg crate" mattress; and that an inmate who was HIV positive, was improperly allowed to use a

wheelchair although he was able to walk and was improperly housed with inmates who were unable to walk. Finally, Branum complained that this inmate assaulted him.

Branum's complaint is governed by the Prison Litigation Reform Act ("PLRA"). Under the PLRA, a prisoner is not entitled to begin an action or file an appeal without prepayment in some form. The PLRA requires prisoners filing lawsuits to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The PLRA also requires prisoners eventually to pay the balance of the full filing fee of $250. *See id.* "The new fee provisions of the PLRA were designed to deter frivolous prisoner litigation 'by making all prisoner litigants feel the deterrent effect created by liability for filing fees.'" *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997)(quoting *Jackson v. Stinnett*, 102 F.3d 132, 136-37 (5th Cir. 1996) (citation omitted)).

The PLRA requires district courts to screen complaints from prisoners as soon as practicable after docketing and to dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The "three-strikes" provision of the PLRA prohibits a prisoner from proceeding with a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

Branum's original and amended complaints in this suit make allegations against numerous defendants and involve more than one transaction. Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. By naming multiple defendants and including numerous transactions, Branum's complaint violates Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed); *see also Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (refusing to allow the joinder of multiple plaintiffs attempting to circumvent the PLRA's unambiguous requirement that each prisoner be required to pay the full amount of the filing fee); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

This court grants Branum permission to proceed as a pauper. That status, however, does not relieve litigants of the duty to comply with the Federal Rules. This court finds that Branum's current complaint and amended complaint are not in compliance with the Federal Rules of Civil Procedure. The rules do not permit Branum to raise numerous unrelated

claims that took place over a three-year period in a single suit. Additionally, some of the claims Branum raises appear to have been raised and dismissed in prior federal court cases.

This court enters the following orders:

1.      Branum's motion to file an amended complaint, (Docket Entry No. 8), and motion to dismiss Patrick McDermott, (Docket Entry No. 10), are granted.

2.      Branum's original complaint (Docket Entry No. 1), and amended complaint (Docket Entry No. 9), are stricken.

3.      Branum must file his amended complaint by **October 20, 2006**, using the attached forms. The amended complaint must comply with the Federal Rules of Civil Procedure by including a single set of related facts and circumstances. Unrelated claims must be filed as separate actions. In the amended complaint, Branum may only raise claims that have not been presented in other lawsuits. Branum's amended complaint must consist of no more than the five-page form provided by the Clerk plus a legibly handwritten or double-spaced typed addendum consisting of no more than ten pages, for a maximum of fifteen pages. The complaint may not include attachments or exhibits or legal arguments.

Failure to comply with these orders may lead to the dismissal of this action or sanctions.

SIGNED on September 14, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge